UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WINDA KIDD, III,

       Plaintiff,

v.

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE
COMPANY,

       Defendant.

                                              /

Case No. 17-12459

Honorable John Corbett O'Meara


**ORDER DENYING
PLAINTIFF'S AUGUST 2, 2017 MOTION TO REMAND**

This matter came before the court on the August 2, 2017 motion to remand by

plaintiff Winda Kidd, III. Defendant Metropolitan Group Property and Casualty

Insurance Company ("Metropolitan") filed a response August 15, 2017; and Plaintiff

filed a reply brief August 28, 2017. Oral argument was heard October 12, 2017.

**BACKGROUND FACTS**

Plaintiff Winda Kidd, III, was driving his mother's vehicle when an accident

occurred June 11, 2016. He did not have his own no-fault policy in place at the time

of the accident. Kidd has filed this action seeking benefits based on his status as an

occupant of the vehicle which was owned by his mother and insured through her

policy with defendant Metropolitan. Plaintiff and his mother are both citizens of

Michigan. Defendant Metropolitan is incorporated in, and has its principal place of

business in, Rhode Island. The amount in controversy exceeds $75,000. Defendant

filed notice of removal July 28, 2017. Plaintiff filed a motion to remand August 2,

2017, claiming that the "direct action" provision of 28 U.S.C. § 1332(c)(1) precludes

removal based on diversity of citizenship.

## LAW AND ANALYSIS

The relevant statute provides the following:

> (1) a corporation shall be deemed to be a citizen of every State and
> foreign state by which it has been incorporated and of the State or
> foreign state where it has its principal place of business, except that in
> any *direct action against the insurer of a policy or contract of liability
> insurance*, whether incorporated or unincorporated, *to which action the
> insured is not joined as a party-defendant*, such insurer shall be deemed
> a citizen of–

> (A) every state and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(emphasis added).

"Direct actions" are actions against a tortfeasor's insurance company to which

the tortfeasor is not joined. Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co., 774 F.3d

908, 910 (6th Cir. 2014). Thus, they are based in liability of the insured to the plaintiff

in a tort case. The instant action, however, is one for first-party, no-fault benefits, not

a tort action based on liability. Therefore, this is not a direct action. Accordingly, the

direct action exception to § 1332(c)(1) is inapplicable; and it does not operate to

defeat diversity jurisdiction.  See id.

## **ORDER**

It is hereby **ORDERED** that plaintiff Kidd's August 2, 2017 motion for remand

is **DENIED.**

s/John Corbett O'Meara
United States District Judge


Date:  October 17, 2017



I hereby certify that a copy of the foregoing document was served upon counsel
of record on this date, October 17, 2017, using the ECF system.


s/William Barkholz
Case Manager